UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
NICOLYN PLUMMER,

                Plaintiff,

  -against-

NEW YORK PROPERTY INSURANCE
WRITING ASSOCIATION,

                Defendant.
───────────────────────────────────────

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/2023

7:20-CV-04805 (NSR)

ORDER and OPINION

NELSON S. ROMÁN, United States District Judge

    Plaintiff Nicolyn Plummer ("Plaintiff") brings this action, *pro se*, against New York Property Insurance Underwriting Association ("NYPIUA") alleging violations of Title III of the Americans with Disabilities A/4/4ct ("ADA"), 42 U.S.C. § 12101 et seq. (ECF No. 45.) Presently before the Court is NYPIUA's motion to dismiss the Second Amended Complaint. (ECF No. 51, (the "SAC")). For the following reasons, the motion is GRANTED, and Plaintiff's SAC is dismissed with prejudice.[1]

## FACTUAL BACKGROUND

    The following facts are taken from Plaintiff's Second Amended Complaint and opposition to the instant motion,[2] and are construed in the light most favorable to Plaintiff, the non-movant, and accepted as true for purposes of this motion.

---

[1]    The SAC also appears to raise a Title II claim (SAC at 2), but that claim was dismissed with prejudice by the Court in its June 14, 2022 Order and Opinion. *See Plummer v. New York Prop. Ins. Underwriting Ass'n*, No. 20-CV-4805 (NSR), 2022 WL 2133901, at *4 (S.D.N.Y. June 14, 2022). Plaintiff also does not raise any argument with respect to her Title II claim. Therefore, the Court dismisses Plaintiff's Title II claim to the extent that Plaintiff attempts to raise it in the SAC.

[2]    The Court may consider new facts raised in the *pro se* Plaintiff's opposition papers that are consistent with the SAC. *See, e.g., Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) ("Because Davila is proceeding *pro se*, the Court may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint").

Plaintiff is deaf and requires special technological equipment to communicate. (ECF No. 50, Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") at 1.) On January 24, 2017, Plaintiff's roof started leaking because of a storm and damaged her floors. (*Id.*) During the time of this storm, Plaintiff's residence was insured under a property insurance policy through NYPIUA. (*Id.*) She had coverage by NYPIUA from March 9, 2016 through March 3, 2017. (ECF No. 52 ("NYPIUA Mem.") at 1.)

Plaintiff had an inspection of her house by a local roofing inspector and by the City of Mount Vernon Department of Buildings. (SAC at 5.) The inspection confirmed that Plaintiff's home required repairs in several rooms, the hallway, and the roof. (*Id.*)

On January 30, 2017, Plaintiff notified NYPIUA about the roof damage. (Opp. at 2.) Plaintiff added an additional notice regarding roof damages resulting from a storm that occurred in September 2009. (SAC at 5.) Plaintiff received a form from NYPIUA, which she completed and submitted. (*Id.*) Defendant subsequently initiated an investigation which included inspection of Plaintiff's roof and her losses. (NYPIUA Mem. at 1.) A NYPIUA inspector went to Plaintiff's residence and, while there, he allegedly mocked, laughed at, and "acted in a discriminatory manner towards Plaintiff." (Pl.'s Opp. at 2.) Following the incident, Plaintiff faced significant delays in receiving the report made by the inspector. (*Id.*) On February 7, 2017, Plaintiff's 2017 claim was denied by NYPIUA. (*Id.*)

On June 12, 2017, Plaintiff requested an in-person meeting with communication access real-time ("CART") services to present her appeal, (SAC at 5) and included evidence in support of the damage that occurred in 2009. (Pl.'s Opp. at 2.) Plaintiff alleges that NYPIUA expected her to cover the costs for CART services and for the in-person meeting. (SAC at 5.)

On June 21, 2017, the 2009 claim was denied by NYPIUA without providing the requested in-person meeting. (Pl.'s Opp. at 2.) Plaintiff again requested an in-person meeting with CART services in July and November of 2017. (*Id.*) Plaintiff states that she "provided Defendant with resources and organizations" in order to perform the in-person meeting with services. (*Id.*) Defendant instead offered Plaintiff alternative methods of communication, including an option to pursue her appeal using phone services, which Plaintiff claims was inadequate.  Plaintiff explains she cannot pick up on communicatory cues that hearing individuals can pick up on over the phone. (*Id.*)  Plaintiff also states she cannot understand "communicatory cues over the phone on the same level as a non-disabled individual." (*Id*. at 2–3.) Plaintiff asserts she has suffered mental anguish resulting from the exclusion faced by not being able appeal her claims. (SAC at 6.)

On June 23, 2020, Plaintiff filed her first complaint, which was dismissed without prejudice in the Court's Order and Opinion, dated June 14, 2022.  (ECF Nos. 1, 43.) Plaintiff filed an amended complaint on July 30, 2022 (ECF No. 44), and soon after filed the Second Amended Complaint on August 8, 2022 (ECF No. 45.)  On November 2, 2022, the Court granted Defendant leave to file a motion to dismiss (ECF No. 49), which was fully briefed on December 1, 2022. (ECF No. 51.)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The critical inquiry is whether the plaintiff has pled sufficient facts to nudge

3

the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level*," Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

### I. Motion to Strike

In her opposition papers, Plaintiff requested that the "Court strike the documents that Defendants appended to their motion to dismiss; strike any additional facts asserted in that motion;

and deny their motion to dismiss." (Pl.'s Opp. at 1.) As Plaintiff correctly points out, NYPIUA, which is represented by counsel, appears to attempt to assert its own factual allegations in its motion papers. The Court will disregard any new factual allegations that Defendant attempts to raise in its motion papers that are inconsistent with those raised by Plaintiff.

Plaintiff also moves to strike the documents that NYPIUA appended to opening motion to dismiss. (*See* ECF No. 52.) Defendants appended the SAC, as well as the previous two complaints in this action, and the Court's June 14, 2022 Order and Decision, which dismissed Plaintiff's Title II claim with prejudice and Title III claim without prejudice. (*See* ECF No. 52, Suriano Decl., Exhs. A–D.) *See Plummer*, 2022 WL 2133901, at *4–5 (S.D.N.Y. June 14, 2022). Plaintiff fails to provide any viable grounds to strike these documents, and doing so would not make sense given that those documents are part of the docket and consist of Plaintiff's own filings and the Court's own decision.

Plaintiff likely meant to only move to strike the Determination and Order After Investigation by the New York State Division of Human Rights, dated March 14, 2018. (*See* Suriano Decl., Exh. E.) Plaintiff raised a similar claim of unlawful discriminatory practice relating to public accommodation against NYPIUA before the New York State Division of Human Rights ("NYDHR). (*Id*.) After investigating, the NYDHR found no probable cause to believe that NYPIUA engaged or is engaging in unlawful discrimination, and dismissed the complaint, thereby closing the case. (*Id*.) Because the Court may take judicial notice of the Determination and Order, the Court DENIES Plaintiff's motion to strike that document. *Goe v. Zucker*, 43 F. 4th 19 (2d Cir. 2022) (stating that courts may take judicial notice of the administrative record filings); *Evans v. New York Botanical Garden*, No. 02 CIV.3591 RWS, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) ("A court may take judicial notice of the records of state administrative procedures, as

5

these are public records, without converting a motion to dismiss to one for summary judgment."); *Macer v. Bertucci's Corp.*, No. 13-CV-2994 JFB ARL, 2013 WL 6235607, at *1 (E.D.N.Y. Dec. 3, 2013) ("The Court also takes judicial notice of the filings and records for the proceedings before the New York State Division of Human Rights ("NYDHR"), which defendant attached to its moving papers."); *Ramirez v. NYP Holdings, Inc.*, No. 18 CIV. 12058 (KPF), 2020 WL 470011, at *1 (S.D.N.Y. Jan. 29, 2020) ("Specifically, the Court takes judicial notice of Plaintiff's complaint to the New York State Division of Human Rights (the "NYSDHR") and the NYSDHR's Determination and Order.") (internal citations omitted).

## II. Motion to Dismiss Title III claim

Plaintiff's sole claim in her SAC alleges a violation of Title III against NYPIUA for failing to accommodate her by refusing to arrange an in-person meeting with CART services for her to present her appeal. Reading the SAC liberally, Plaintiff seeks injunctive relief— *i.e.*, that the Court order NYPIUA to accommodate her request to present her appeal through an in-person meeting with CART services. (SAC ¶ 6.) *See also Plummer v. New York Prop. Ins. Underwriting Ass'n*, No. 20-CV-4805 (NSR), 2022 WL 2133901, at *4 (S.D.N.Y. June 14, 2022) ("The only remedy for private plaintiffs under Title III is injunctive relief."). For the reasons discussed below, the Court GRANTS NYPIUA's motion to dismiss Plaintiff's Title III claim.

The ADA "provide[s] a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a claim for

relief under Title III, a plaintiff must allege that (1) "he [or she] is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d. Cir. 2008); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004); *Stan v. Wal–Mart Stores, Inc.*, 111 F.Supp.2d 119, 124 (N.D.N.Y.2000). "Discrimination is defined by the Act to include 'a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.'" *Camarillo*, 518 F.3d at 156 (2d Cir. 2008) (citing 42 U.S.C. § 12182(b)(2)(A)(iii)).

    A. ***Whether Plaintiff has Standing to Pursue Title III claim***

Even though NYPIUA presents its motion to dismiss as one under Fed. R. Civ. P. 12(b)(6), it spends a substantial amount of its opening brief arguing that Plaintiff does not have standing to raise her Title III claim, which is typically raised under Fed. R. Civ. P. 12(b)(1). *Dominguez v. Banana Republic, LLC*, 613 F. Supp. 3d 759, 763 (S.D.N.Y. 2020), *aff'd sub nom. Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) ("A district court must dismiss a claim under Rule 12(b)(1) if a plaintiff fails to allege facts sufficient to establish standing under Article III of the Constitution."); *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 134 (S.D.N.Y. 2020) ("At this stage, "the proper procedural route" to challenge standing "is a motion under Rule 12(b)(1)"); *but see c.f. Bernstein v. City of New York*, No. 13-CV-04610 (CM)(SN), 2015 WL 12434370, at

\*3 (S.D.N.Y. Feb. 18, 2015) ("Dismissals for lack of standing, however, may be made pursuant to Rule 12(b)(6) for failure to state a claim, rather than Rule 12(b)(1) for lack of subject-matter jurisdiction"), *vacated on other grounds*, 621 F. App'x 56 (2d Cir. 2015) (citing *Chenkin v. 808 Columbus LLC*, 570 F.Supp.2d 510, 515 (S.D.N.Y. 2008)).

The Court also notes that both parties appear to conflate their arguments that Plaintiff does not have standing with arguments that Plaintiff does not state an ADA Title III claim.  *See Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 136 (S.D.N.Y. 2020) ("Whether an injury is plausibly alleged so as to satisfy a jurisdictional analysis, however, is a distinct inquiry from whether an injury is plausibly alleged as to the merits of an ADA claim."); *id*. ("Irrespective of whether Plaintiff has a 'valid' ADA claim on the merits, he has an 'arguable' claim sufficient to confer jurisdiction."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction[.]").

In any event, because the issue of standing is a jurisdictional question, the Court will consider Defendant's standing arguments whether or not it should have been properly raised under Fed. R. Civ. P. 12(b)(1).  "For the Court to adjudicate this matter, Plaintiff must first establish that he has standing pursuant to Article III of the Constitution." *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 135 (S.D.N.Y. 2020) (citing *Cortlandt St. Recovery Corp. v. Hellas Telecommc'ns*, 790 F.3d 411, 417 (2d Cir. 2015)) ("In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III."); *Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower*, No. 01 CIV. 5518 (MBM), 2003 WL 1751785, at \*7 (S.D.N.Y. Apr. 2, 2003) ("A plaintiff must have standing at the time a lawsuit is filed"); *Tavarez v. Moo Organic Chocolates, LLC*, No.

21-CV-9816 (VEC), 2022 WL 3701508, at *4 (S.D.N.Y. Aug. 26, 2022), *motion to certify appeal denied*, No. 21-CV-9816 (VEC), 2022 WL 17094631 (S.D.N.Y. Nov. 21, 2022) ("Although Defendant did not challenge Plaintiff's standing, standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction.").

"To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). In addition, "[p]laintiffs seeking injunctive relief must also prove that the identified injury in fact presents a "real and immediate threat of repeated injury." *Id*. In the ADA context, the Second Circuit has found standing where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer… that plaintiff intended to return to the subject location." *Id*. at 187–88; *see also Camarillo*, 518 F.3d at 158.

On the first element of standing, Plaintiff asserts that the past denial of the reasonable accommodation that she had requested—an in-person meeting with CART services—has inhibited her ability to appeal NYPIUA's insurance claim decisions. (Pl.'s Opp. at 2, 4–5.) "In the context of the ADA, awareness of discriminatory conditions, and the avoidance of a public accommodation because of that awareness, is injury in fact." *Thorne,* 469 F.Supp.3d at 136 (citing *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006). NYPIUA argues that Plaintiff has not alleged past injury because "she has not alleged any sort of barrier to accessing NYIUPA's property or services." (NYPIUA Mem. at 10–11.) NYPIUA is mistaken.

The fact that Plaintiff alleges that she was refused an in-person meeting with CART Services and that this impeded her ability to present her appeal suffices for purposes of establishing injury-in-fact.  *See e.g.*, *Dominguez v. Banana Republic, LLC*, 613 F. Supp. 3d 759, 765 (S.D.N.Y. 2020), *aff'd sub nom. Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) ("it is sufficient that Plaintiff alleges to have called Banana Republic's customer service department in an effort to procure a Braille gift card. During that call, Plaintiff learned that the store does not stock Braille gift cards, directly encountering the alleged disability-based discrimination.").

On the second element of standing, Plaintiff adequately alleges that the alleged discriminatory treatment would continue, as she states she remains unable to present her appeal in the manner in which she requests.  (SAC at 5; Pl.'s Opp. at 5.)  On the third element of standing, Plaintiff has indicated and "intent to return" insofar as she indicates that she will continue to try to appeal her insurance policy's decision when given the chance to do so in the manner she requests. (SAC at 6; Pl.'s Opp. at 6.)

Therefore, for the reasons stated above, Plaintiff sufficiently alleges that she has standing to pursue her Title III claim.

### B. *Whether Plaintiff Satisfies the Merits of her Title III Claim*

Even if Plaintiff establishes standing, her allegations fail to satisfy the elements of her Title III claim.  With respect to the elements of Plaintiff's Title III claim, *see supra*, the parties agree that Plaintiff satisfies the first two elements. Under the first element, this Court agrees that Plaintiff has sufficiently established the nature of her disability and that qualifies under the ADA (*See* 42 USC § 12102[1].)  NYPIUA does not dispute that Plaintiff is disabled under the meaning of the ADA.  (NYPIUA Mem. at 8.)  Nor does Defendant dispute the second element, acknowledging that NYPIUA is subject to Title III as a place of public accommodation.  (*Id*. at 8–9.)

The third element is in dispute—whether NYPIUA discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d. Cir. 2008). What is key here, as highlighted by the parties, is whether Plaintiff was entitled to her request to present her appeal at an in-person hearing using CART services.

Plaintiff makes no allegations regarding the regular method by which claimants file or present their appeals to NYPIUA, nor whether claimants have the option of presenting their appeals in person. Plaintiff, however, mentions in her opposition papers that NYPIUA indeed did offer alternative methods of communication for her to present to appeal, but Plaintiff is vague as to what those alternative methods were. (*See* Pl.'s Opp. at 2.) She only focuses on the fact that one of the options was communicating via phone services and argues that such accommodation was not viable because she "cannot give communicatory cues over the phone on the same level as non-disabled individuals." (Pl.'s Opp. at 2–3.) Plaintiff is silent regarding what the other alternative methods were and why her disability would impede her from effectively communicating her appeal through those other methods. *See* 28 C.F.R. § 36.303(c)(1)(ii) ("A public accommodation should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication, but the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication.");

NYPIUA argues that they offered Plaintiff the options to present her appeal via email or telephonic services, and that it does not offer in-person meetings in the ordinary course. (NYPIUA Mem. at 13.) While the Court disregards any new facts that Defendant attempts to allege in its own motion papers, the Court, as mentioned above, does take judicial notice of the Determination

and Order After Investigation by the NYDHR (the "NYDHR Determination and Order"), which NYPIUA attaches in its opening motion papers. (*See* ECF No. 52-5). *See supra; see also Macer*, 2013 WL 6235607, at *1; *Ramirez*, 2020 WL 470011, at *1 (S.D.N.Y. Jan. 29, 2020).

The NYDHR Determination and Order confirms that Plaintiff was also given the option—in addition to phone services—to communicate her appeal via email. (*See* ECF 52-5.) Plaintiff does not provide any allegations that communicating her appeal via email would have not been an effective because of her disability. In that light, the most that Plaintiff argues is that NYPIUA failed to provide her with the specific form of accommodation that she requested. However, "Plaintiff's disability entitles her neither to her preferred outcome nor to a preferential standard." *Gribbin v. New York State Unified Ct. Sys.*, No. 18CV6100PKCAKT, 2020 WL 3414663, at *6 (E.D.N.Y. June 22, 2020), *aff'd*, 838 F. App'x 646 (2d Cir. 2021) (citing *Wiltz v. N.Y. Univ.*, No. 18-CV-123 (GHW) (SDA), 2019 WL 721658, at *9 (S.D.N.Y. Feb. 1, 2019), *report and recommendation adopted* 2019 WL 720700 (Feb. 19, 2019) ("The ADA mandates reasonable accommodation of people with disabilities in order to put them on an even playing field with the non-disabled; it does not authorize a preference for disabled people generally.") (quoting *Felix v. N.Y.C. Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003)). "Title III entities are not obligated to honor an individual's choice of aid." *Vega-Ruiz v. Northwell Health*, 992 F.3d 61, 65 (2d Cir. 2021) (citing 28 C.F.R. § 36.303(c)(1)(ii); *see id*. ("Under Title III, however, entities are only 'encouraged to consult with the person with a disability to discuss what aid or service is appropriate."); *see also Dominguez*, 613 F. Supp. 3d at 769 ("[t]he purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided.").

Therefore, the Court finds that Plaintiff failed to plead the third element of her Title III claim and dismisses her claim in its entirety.

## **CONCLUSION**

For the reasons discussed above, the Court GRANTS NYPIUA's motion to dismiss the SAC, with prejudice. Accordingly, the Clerk of the Court is kindly directed to CLOSE the case. The Clerk of the Court is also kindly directed to mail a copy of this order to *pro se* Plaintiff at the address on the docket and show service on the docket.

Dated: May 8, 2023
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE